IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

ROCKY SMOTHERS,

                    Plaintiff,                  OPINION AND ORDER

v.

                                                15-cv-547-wmc

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

                  Defendant.
---

Pursuant to 42 U.S.C. § 405(g), plaintiff Rocky Smothers seeks judicial review of a final decision of defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, which found that he was not entitled to disability insurance benefits because he was not disabled before December 31, 2011, his date last insured. On January 13, 2017, the court heard oral argument to address principally plaintiff's contentions that the ALJ erred by: (1) failing to consider adequately plaintiff's obesity and resulting limitations in determining his residual functional capacity ("RFC"); and (2) giving great weight to the state agency physician's opinion regarding plaintiff's RFC without a sufficient explanation. Because the court is unable to determine from the ALJ's decision whether he or the state agency physician took into account sufficiently plaintiff's obesity and related limitations, remand is required.

BACKGROUND

As discussed in more detail in the ALJ's written discussion and during the hearing, Smothers claims that he was disabled between his alleged onset date of August 17, 2011, and December 31, 2011, his date last insured, due to a number of impairments. Among these are obesity and ischemic heart disease, or reduced blood supply to the heart, both of which the ALJ found to be severe impairments in his written decision following a hearing at which Smothers and a vocational expert ("VE") testified. (AR 26.)[1] Specifically, with respect to plaintiff's obesity, the ALJ cited a clinical note from December of 2012 measuring him with a height of 5'7" and weight of 230 pounds, resulting in a body mass index (BMI) of 36. (*Id.*) Along with other ailments including back and shoulder pain, plaintiff asserts that he is unable to work because his impairments cause him shortness of breath and limit his ability to walk, sit, stand, lift weight and do other activities required to maintain employment.

As the ALJ noted in his decision, Smothers was hospitalized for an acute myocardial infarction on July 6, 2006, and underwent a successful emergency balloon coronary angioplasty and right coronary artery stenting. (AR 201.) At a follow-up appointment on July 25, 2006, Smothers reported feeling well, with no shortness of breath, and the ability to walk three miles in thirty minutes with no difficulty. (AR 287.) Smothers reported mild shortness of breath during exertion at work during a visit to the Veterans Administration ("VA") in September 2007. (AR 255.)

---

[1] Unless otherwise noted, cites are to the administrative record ("AR"). (Dkt. ##7, 7-1, 7-2.)

During a July 15, 2011, visit to the VA, Smothers complained of experiencing increased shortness of breath. (AR 275.) He stated during that visit that he typically walked three to four miles two or three times per week as exercise, but that he began feeling short of breath after walking one mile. (*Id.*) At a visit on August 17, 2011, Smothers underwent a "Bruce stress test," the results of which indicated reduced functional capacity. (AR 246-47.) Notes from that visit also include the following discussion:

> Pt states that he had noticed the mild SOB [(shortness of breath)] ever since his PCI in 2006. Pt states that it got slightly worse in 2007 which re[s]ulted in cardiology office clinic visit. At that time cardiology did not feel his SOB was from his heart and he was D/C'd. Pt states that since then he has had some stability of his SOB with some med changes *but it has gone worse in the last year where he can only walk approx 5-10 mins without getting SOB* and markedly diaphoretic *and needs to stop*. Pt states this feeling is UNLIKE his prior episodes with angina. Pt states that he can do all of his ADL's to include climbing 1+ flight of stairs without increase in cardiac symptoms.
>
> Pt states as per above that his exercise tolerance has decreased over that last year, and that he can only walk approx. 5-10 minutes prior to getting SOB and diaphoretic. Pt states that a year ago he did have baseline SOB *but that it did not bother him "near as much."* Pt denies other cardiac symptoms with this level of exertion.

(AR 248 (emphasis added).)

Medical notes for a follow-up visit on September 29, 2011, reflect heart function "in the normal range" and continued complaints about shortness of breath, for which was recommended "continue to workup for other reasons." (AR 243.) Notes dated October

20, 2011, indicate that Smothers was "encouraged . . . to lose weight back down to 180 as this might help with his SOB." (AR 274.)

The most recent medical notes that the ALJ mentioned in his decision were from a visit on December 8, 2011. Those notes indicate that Smothers reported having the ability to walk approximately ten minutes before getting shortness of breath that required him to rest. (AR 239.) As the ALJ pointed out, the notes also include Smothers's report that he could still do all of his daily activities, including climbing at least one flight of stairs, without "cardiac symptoms." (*Id.*) Given his continued shortness of breath and the lack of cardiac causes for his symptoms, Smothers was recommended to undergo a sleep study to determine whether sleep apnea could be the cause. (AR 242.)

In his written decision, the ALJ summarized Smothers's testimony at the hearing. Specifically, the ALJ noted that Smothers asserted that he struggled to breathe in hot or extremely cold weather, which began in late 2010 or early 2011. (AR 63.) The ALJ's written decision also made note of some of the household tasks about which Smothers testified, including doing laundry in his basement, as well as his ability to: (1) lift certain weight; (2) stand or sit for certain periods of time; and (3) walk a mile and a half, although the ALJ did not point out that Smothers suggested that he usually stopped three or four times while walking that distance. (AR 29, 71.)

The ALJ found that Smothers had the RFC to perform light work, except that he "was precluded from any climbing of ladders, ropes or scaffolds, and can only occasionally climb ramps and stairs" and also "must avoid concentrated exposure to extreme cold, heat, wetness and humidity." (AR 27.) In support of that RFC

determination, the ALJ emphasized that medical testing had identified no cause of Smothers's shortness of breath and also that "no treating or examining source has attested to any specific work related limitations." (AR 30-31.) The ALJ further explained that he gave "great weight to the opinion of state agency medical consultant Dr. Pat Chan in finding that the claimant is capable of light exertion, as there is no contrary opinion of any greater limitation." (AR 30.) The ALJ stated without further explanation, however, that he found "additional environmental and postural limitations are warranted" after "[t]aking into consideration the claimant's subjective complaints, as well as the objective medical evidence." (AR 31.) Based on the VE's testimony that a hypothetical claimant with Smothers's characteristics could perform jobs including "housekeeper," "packaging machine operator" and "inspector/sorter," the ALJ concluded that he was not disabled.

OPINION

Plaintiff raised various, winding challenges in his brief in support of his motion for summary judgment, two of which presented related issues on which to focus at oral argument: (1) whether the ALJ considered adequately his obesity and resulting limitations, including shortness of breath, in determining his RFC; and (2) whether the ALJ erred by relying on the state agency medical consultant's opinion regarding his RFC without a more detailed assessment of the weight deserved by that opinion.

Taking the latter issue first, there is no dispute that the ALJ was bound by SSR 96-6p, which requires an explanation of the weight deserved by opinions of state agency

5

physicians. *See Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999) (SSRs are binding on ALJs). Here, the ALJ's only stated reason for giving "great weight" to Dr. Chan's opinion, including Chan's assessment of Smothers's RFC, was that "there is no contrary opinion of any greater limitation." (AR 30.) Indeed, there was *no* other opinion from a medical professional in the administrative record other than the opinion of another state agency physician, Susan Donahoo, Psy.D., who plaintiff acknowledges found no severe mental impairment. (Pl.'s Opening Br. (dkt. #9) at 18.) Plaintiff did not provide one, and the ALJ apparently saw no need to further develop the medical record by having a physician examine Smothers and submit a report.

Defendant essentially argues that the ALJ's failure to provide a more detailed explanation as to his reasons for giving great weight to Dr. Chan's opinion was harmless. Defendant cites cases in which an ALJ's decision was upheld in part because there were no medical opinions in the record indicating greater limitations than the ALJ determined, *see Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010); *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004), but even defendant does not insist that those cases stand for the proposition that an ALJ is entitled to adopt a state agency physician's RFC opinion *simply because* there are no other opinions reflecting more restrictive limitations in the record. Instead, defendant contends that because the "ALJ's analysis of the evidence tracks the narrative portion of Dr. Chan's opinion, [that] shows that the ALJ thought the opinion was supported by the medical evidence of record." (Def.'s Opp'n Br. (dkt. #11) at 12-13.)

The court agrees with defendant that it is clear from the ALJ's decision that he believed Dr. Chan's opinion found support in the medical record, and so remand solely for him to make that explicit would not be warranted. *See McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011) ("[W]e will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result."). Remand is required, however, when review of the decision demonstrates that the "ALJ ignored important evidence -- as when an ALJ fails to discuss material, conflicting evidence," such that the claimant is not afforded "meaningful review." *Walters v. Astrue*, 444 F. App'x, 913, 917 (7th Cir. 2011). Although a close question, remand is required here for at least two reasons.

First, it is not clear from the ALJ's decision that he evaluated sufficiently plaintiff's capability to stand and walk for certain periods of time, which is reasonably limited by his obesity and shortness of breath. Had Dr. Chan clearly accounted for these claimed limitations in offering an opinion as to plaintiff's RFC, then perhaps remand would not be necessary. *See Kittelson v. Astrue*, 362 F. App'x 553, 559 (7th Cir. 2010); *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). But even assuming that Dr. Chan did, the ALJ obviously did not find the RFC opinion fully supported, yet did not explain what portions of the record were not consistent with it.[2] *See Schmidt v. Colvin*, 545 F. App'x 552, 557 (7th Cir. 2013) (remand required when ALJ offered only "unhelpful" boilerplate in assigning great weight to medical opinion, especially considering that the

---

[2] Obviously, this is not to say that the ALJ erred by adopting a more restrictive RFC, especially since Dr. Chan's opinion that plaintiff has no postural limitations is difficult to square with the medical record.

7

ALJ's RFC determination partly contradicted that opinion). Moreover, in determining that a more restrictive RFC better reflected plaintiff's capabilities, the ALJ failed to address material evidence in plaintiff's medical records suggesting his reports of *worsening* shortness of breath and mobility by August of 2011. The ALJ's decision also includes no explicit discussion of plaintiff's subjective complaints of shortness of breath and difficulty walking, standing and sitting that he made at the hearing. Therefore, although the ALJ's decision mentions plaintiff's self-evaluated function report and clinical notes indicating normal cardiac function, absent a more detailed analysis of his claimed physical limitations that could reasonably be caused by his obesity, this court cannot "confidently assess the agency's rationale and afford the claimant meaningful review." *See Walters*, 444 F. App'x at 917 (citing *Scott v. Barnhart*, 297 F.3d 589, 596 (7th Cir. 2002)).

Second, defendant does not dispute that plaintiff would be found disabled under the grid rule if he is limited to sedentary work. Given the above discussion of the inadequacies in the ALJ's decision, plaintiff's capability to stand, walk and sit for certain periods of time must be addressed in more detail on remand, since here the distinction between light and sedentary work is "critical." *See Dimmett v. Colvin*, 816 F.3d 486, 488 (7th Cir. 2016). Accordingly, remand for this limited reason is necessary.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further

proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 21st day of September, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
U.S. District Court Judge