IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROCKY SMOTHERS,

            Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

            Defendant.

OPINION AND ORDER

15-cv-547-wmc

On September 21, 2017, the court issued an order remanding this case to the commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) and entered judgment. (Remand Order (dkt. #16); J. (dkt. #17).) Before the court are: (1) plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"), in the amount of $8,104.38 and expenses in the amount of $20.22; and (2) plaintiff's motion for additional fees under the EAJA for $1,162.50.[1] (Mot. Atty's Fees (dkt. #18) 1; Suppl. Mot. Atty's Fees (dkt. #29) 2.) The government opposes the award of fees, arguing that the government's "position was substantially justified." The government also argues that an award of costs for certified mailing is unavailable under 28 U.S.C. § 1920. (Def.'s Opp'n (dkt. #27) 1, 3.) For the reasons addressed below, plaintiff's award requests will be granted.

---

[1] The supplemental motion is based on the work counsel performed in drafting the reply brief. (*See* Suppl. Mot. Atty's Fees (dkt. #29) 1.) The court sees no reason to treat the requests differently.

OPINION

## I. Request for Attorney's Fees

Except as otherwise provided by statute, the EAJA provides that

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). When seeking fees, the prevailing party must (1) show eligibility for fees, (2) detail the attorney's hours and the rate(s) at which fees were calculated, and (3) "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). To be eligible, the party must have been the prevailing party "whose net worth did not exceed $2,000,000 at the time the civil action was filed," and there must be no "special circumstances mak[ing] an award unjust." 28 U.S.C. §§ 2412(d)(1)(A), 2412(d)(2)(B)(i).

Here, the government maintains that this court's remand decision "did not suggest that [the commissioner's] arguments in federal court were meritless or poorly-supported by legal and factual analysis," but rather suggested that "the ALJ's error was one of articulation." (Opp'n (dkt. #27) 2-3.) As such, it argues, her "position was substantially justified as a whole." (*Id*. at 3.) In response, plaintiff accuses the government of "minimiz[ing] and understat[ing] the reasons for the Court's remand order," arguing that the government failed to meet its burden of establishing substantial justification. (Pl.'s Reply (dkt. #28) 2, 5.)

2

"The commissioner's position is substantially justified if a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law." *Basset v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1996)). The Seventh Circuit has articulated a three-part standard, requiring "the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (citing *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)).

While this "analysis is not susceptible to a firm rule or even a 'useful generalization,'" *Bassett*, 641 F.3d at 859 (quoting *Pierce v. Underwood*, 487 U.S. 552, 562 (1988)), "it typically takes something more egregious than a run-of-the-mill error in articulation to make the commissioner's position unjustified," *id.* at 860 (citing *Golembiewski*, 382 F.3d at 724). Simple gaps in the ALJ's analytical reasoning, even if defended by the commissioner, "is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law." *Id.* at 859-60 (citing *Cunningham v. Barnhart*, 440 F.3d 862, 864-65 (7th Cir. 2006)). On the other hand, an ALJ's failure to follow the commissioner's rules and regulations or an ALJ's disregard or mischaracterization of evidence can establish that the government's position was not substantially justified. *See Golembiewski*, 382 F.3d at 724-25.

This case meets the three-factor *Golembiewski* standard. As this court recognized:

> the ALJ failed to address material evidence in plaintiff's
> medical records suggesting his reports of *worsening* shortness of

3

> breath and mobility by August of 2011. The ALJ's decision also includes no explicit discussion of plaintiff's subjective complaints of shortness of breath and difficulty walking, standing and sitting that he made at the hearing.

(Remand Order (dkt. #16) 8 (emphasis original).)[2] Likewise, this court explained that "plaintiff's capability to stand, walk and sit for certain periods of time" needed to be fleshed out because he would have been found disabled if limited to sedentary work. (*Id.*) Accordingly, the cause for remand went beyond simple "articulation error": the court could neither provide "meaningful review" nor "confidently assess the agency's rationale." (*Id.* (quoting *Walters v. Astrue*, 444 F. App'x 913, 917 (7th Cir. 2011).)[3] *Cf. Bassett*, 641 F.3d at 860 (affirming the district court's substantially justified finding where ALJ committed an "articulation error" by failing to explain the date claimant's RFC deteriorated, noting that "the ALJ did not ignore, mischaracterize, selectively cite, or otherwise bungle a significant body of relevant evidence" and that pinpointing the exact day would be

---

[2] Quoting *Golembiewski*, 382 F.3d at 724, plaintiff argues that the court's italicized emphasis of "worsening" is the kind of "strong language" supporting an award of fees (Pl.'s Reply (dkt. #28) 6), but this overreaches. *Cf. Golembiewski*, 382 F.3d at 725 (noting the "'additional observation'" that "admonish[ed] the ALJ to consider the aggregate of the plaintiff's 'host of medical conditions,' and urging the Commissioner to assign the matter to a different ALJ," was "exactly the 'strong language against the government's position' in a merits opinion which should establish [the] lack of substantial justification" (internal citation omitted)).

[3] In reply, plaintiff purports to summarize the errors identified by the court in its remand order. (*See* Pl.'s Reply (dkt. #28) 2-3.) However, he assigns unnecessary weight to statements of the court. (*Compare id.* at 2 ("The ALJ erroneously gave 'great weight' to the opinion of Dr. Chan, a State agency physician, by incorrectly reasoning that there was 'no contrary opinion of any greater limitation.'") *with* Remand Order (dkt. #16) 7 ("The court agrees with defendant that it is clear from the ALJ's decision that he believed Dr. Chan's opinion found support in the medical record, and so remand solely for him to make that explicit would not be warranted." (internal citation omitted)).) Regardless, the court need not revisit all arguments addressed and decided in the commissioner's favor to find its position below failed to meet the three-part standard articulated by the Seventh Circuit in *Golembiewski*. *Bassett*, 641 F.3d at 860.

"difficult to determine").

Regardless, the government failed to meet its burden to prove that its conduct and positions were substantially justified. The government has further not objected to the number of hours billed or the hourly rate requested. Plaintiff devoted the bulk of his supporting brief to the appropriateness of an hourly rate above the $125/hour awardable under 28 U.S.C. § 2412(d)(2)(A)(ii). (*See* Pl.'s Opening Br. (dkt. #19) 4-9.) *See* 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee"). The court sees no reason to reject either counsel's requested fee or hours as unreasonable, and plaintiff's requests for EAJA fees will be GRANTED.

**II. Request for Costs**

In an additional, seemingly throw-away argument, the government also opposes plaintiff's request for the cost of "certified mailing of the complaint" as "not reimbursable," arguing it is not among those "enumerated in section 1920 of Title 28" as awardable to the "prevailing party." (Def.'s Opp'n (dkt. #27) 3.) Plaintiff seeks $20.22 in costs.[4] (Mot. Atty's Fees (dkt. #18) 1.) As plaintiff points out, however, while § 2412(a)(1) permits the award of "a judgment for costs, as enumerated in section 1920," § 2412(b) permits a court to "award reasonable fees *and expenses* of attorneys, in addition to the costs which may be

---

[4] From the court's calculation, plaintiff's counsel actually spent $20.44 on certified mailing. (*See* Receipts (dkt. #19-4) 1 (certified mail costs of $6.74, $6.74 and $6.96).)

5

awarded pursuant to subsection (a)." (*See* Pl.'s Reply (dkt. #28) 8;) 28 U.S.C. § 2412(a)-(b) (emphasis added). Moreover, other courts have considered expenditures for certified mail to be compensable under the EAJA. *See Fricano v. Colvin*, No. 12 C 4353, 2014 WL 2068415, at *1-*4 (N.D. Ill. May 19, 2014) (awarding "fees and costs in the amount of $8,952.95" including $17.85 for certified mail);[5] *Gaught v. Astrue*, Civil No. 11-3041, 2013 WL 310071, at *3 (W.D. Ark. Jan. 25, 2013) (awarding "$21.85 for certified mail expenses incurred in connection with service of process" as compensable *expenses* under the EAJA) (citing *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988)). As a result, the court will award the cost as well.

ORDER

IT IS ORDERED that: Plaintiff's requests for fees and costs under the Equal Access to Justice Act (dkt. ##18, 29) are GRANTED. Plaintiff is awarded fees and costs in the amount of $9,287.10. These fees are awarded to plaintiff, rather than plaintiff's attorney, and may be offset to satisfy pre-existing debts that the litigant owes the United States under *Astrue v. Ratliff*, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

If counsel for the parties verify plaintiff owes no pre-existing debt subject to offset, the defendant shall direct that the award be made payable to plaintiff's attorney pursuant

---

[5] In *Fricano*, the court awarded plaintiff $8,952.95 to cover fees and costs. *Fricano*, 2014 WL 2068415, at *4. While the court noted that plaintiff was seeking "$350.00 in filing fees and $17.85 in costs for certified mail," *id.* at *1, it did not address these amounts separately. Rather, it is clear that they are included in the total award. Plaintiff was awarded $8,585.10 in attorney's fees (calculated based on 46.05 hours of attorney time at an hourly rate of $186.43), leaving $367.85 in fees (perfectly encompassing the $350 for filing fees and $17.85 for certified mailing). *See id.* at *2-*3.

to the EAJA assignment duly signed by plaintiff and counsel.  (*See* Fee Agreement (dkt. #19-3) 1.)  If plaintiff owes a pre-existing debt subject to offset in an amount less than the EAJA award, the Social Security Administration will instruct the U.S. Department of Treasury that any check for the remainder after offset will be made payable to plaintiff and mailed to the business address of plaintiff's attorney.

Entered this 14th day of May, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge